Willey & Kelly *v.* Roirden & Ward.

## WILLEY & KELLY *v.* ROIRDEN & WARD.

1. PLEADING AND PRACTICE. *Attachment. Affidavit defective. When.* An affidavit for attachment is defective in failing to state the nature of the debt claimed, whether by note, bill of exchange, account, or breach of contract.

2. SAME. *Same. Supreme Court.* Where the Circuit Judge refuses improperly to quash, upon defendant's motion, process by which he is brought into Court, and requires the parties to plead, the Supreme Court will correct such error, if apparent upon the record, and render the proper judgment, treating all subsequent proceedings as a nullity. Nor is the filing of a plea in abatement such an appearance as will give the Court jurisdiction of the person, and correct the error.

Cases cited: Sullivan *v.* Fugate, 1 Heis., 20; Berr *v.* Rahl, 1 Heis., 12.

---

FROM DAVIDSON.

---

Appeal from the Circuit Court. EUGENE CARY, Judge.

GUILD & SMITH for Willey & Kelly.

E. B. McCLANAHAN for Roirden & Ward.

NICHOLSON, C. J., delivered the opinion of the Court.

In October, of 1866, Willey & Kelly filed their affidavit for an original attachment before a Justice of the Peace, in which they stated "that Roirden & Ward are justly indebted to them, after giving all

just credit, the sum of $51.75, and that B. F. Ward is a non-resident of the State of Tennessee," etc.

Attachment was issued by the Justice, returnable before himself, and was levied on a boat and contents, the property of Roirden & Ward. The defendant, Ward, appeared before the Justice and filed his plea in abatement. Roirden, who was served with a process, made no defense. The Justice gave judgment against Roirden & Ward for $51.75, from which Ward alone appealed to the Circuit Court.

In the Circuit Court defendants, Roirden & Ward, moved to quash the attachment and proceedings in the case, which motion was overruled. Thereupon a jury was empanneled to try the plea in abatement, which denied that defendant Ward was a non-resident of the State. The jury found that he was not a non-resident of the State, wherefore judgment was rendered in his favor, from which Willey & Kelly have appealed.

It is assumed in the argument that because Ward's motion in the Circuit Court to quash was overruled, and he took no exception, and because the case comes here on the appeal of plaintiffs, Willey & Kelly, therefore the question as to whether the motion to quash was correctly overruled is not before the Court, and that the only question before this Court is as to the rulings on the proceedings in the matter of the plea in abatement.

This is a mistake; the record shows the action of the Court in the motion to quash the attach-

ment, and there was, therefore, no necessity for the defendant, Ward, to except.    The error of the Court, if it be one, is apparent on the record, and it was an error from which he could not appeal. The appeal of Willey & Kelly from the judgment in favor of Ward on the plea in abatement brings the whole case before this Court, and presents the question of error in the Court, as well in regard to the refusal to quash, as to the proceedings on the plea in abatement.

The motion to quash the proceedings on the attachment is based upon the failure of the plaintiffs to state, in their affidavit, the nature of the debt claimed, whether by note, bill of exchange, account, or breach of contract.    The statement is, "that Roirden & Ward are justly indebted to them, after giving all just credit, the sum of $51.75." This affidavit is fatally defective.    *Sullivan* v. *Fugate*, 1 Heis., 20.    Nor was the filing of the plea in abatement such an appearance as gave the Court jurisdiction of the person.    *Berr* v. *Rahl.*, 1 Heis., 12.

As this error is conclusive of the case, it is not necessary to notice other questions discussed in the argument of counsel.    The judgment below, quashing the attachment, will be affirmed, but for the reason that it ought to have been quashed on motion, and not on the finding of the jury on the plea in abatement, all the proceedings after the overruling of the motion to quash being void.